In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Queens County (McGowan, J.), dated March 10, 2011, which, after a fact-finding hearing, determined that the father had neglected the subject child, and (2) an order of disposition of the same court dated March 23, 2011, which, upon the fact-finding order, inter alia, directed the father to attend anger management and parenting classes and to complete a batterer’s program.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,
Ordered that the order of disposition is affirmed, without costs or disbursements.
In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Philip M., 82 NY2d 238 [1993]; Matter of Tammie Z., 66 NY2d 1 [1985]; Matter of Besthani M., 13 AD3d 452 [2004]). Here, contrary to the father’s contention, the Family Court’s finding of neglect, based upon his use of excessive corporal punishment, is supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; Matter of Chanyae S. [Rena W.], 82 AD3d 1247 [2011]; Matter of Isaiah S., 63 AD3d 948 [2009]; Matter of Joshua B., 28 AD3d 759 [2006]; Matter of Joseph O., 28 AD3d 562 [2006]).
The father’s remaining contentions are without merit. Skelos, J.E, Dickerson, Eng and Austin, JJ., concur.